T.C. Summary Opinion 2009-197


UNITED STATES TAX COURT


DAWN CRYSTAL THOMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5555-09S.                    Filed December 22, 2009.


Dawn Crystal Thompson, pro se.

<u>Anita Gill</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions

of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended and in effect for the year
in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,144 in petitioner's 2007 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for her nephews, B and R;[2] (2) whether petitioner is entitled to head of household filing status; (3) whether petitioner is entitled to child tax credits and additional child tax credits for her nephews B and R; and (4) whether petitioner is entitled to an earned income tax credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Toledo, Ohio.

Petitioner was not married at the close of 2007. During 2007 petitioner was gainfully employed and maintained her own home. Petitioner filed her 2007 Federal income tax return as a head of household and claimed dependency exemption deductions for her two nephews, B and R, and child tax and earned income tax credits.

_____

[2] The Court refers to minor children by their initials. See Rule 27(a)(3).

Sometime during 2007 petitioner's sister, C, lost her job in Cleveland, Ohio, and moved to Toledo, Ohio. At the time C moved to Toledo she had four children, was pregnant, was ill and on medication, and was suffering from depression. Around the time that C moved to Toledo, her son, B, who was 11 years old, began living with petitioner at her residence in Toledo, Ohio. C's son R was born in September 2007. At the time of R's birth, C was unable to care for him, and he resided at petitioner's home for the remainder of 2007. R's father, who was unemployed, provided daycare for both B and R. In addition to providing B and R with a place to reside, petitioner paid some but not all of the expenses for their support. The total living expenses paid on behalf of B and R by petitioner and others during 2007 is unknown.

## Discussion

### Dependency Exemptions

Section 151 allows an exemption amount for each individual who qualifies as a dependent as defined in section 152. Section 152(a) provides that a dependent means a qualifying child or a qualifying relative. Section 152(c)(1) defines a "qualifying child" as an individual:

(A) who bears a relationship to the taxpayer, such as a niece or nephew of the taxpayer;

(B) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year (aside from special rules applicable to divorced or separated parents);

(C) who is under the age of 19 or is a student who has not attained the age of 24 as of the close of the calendar year; and

(D) who has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

Petitioner's nephews meet the requirements of section 152(c)(1)(A) since they are children of petitioner's sister. Petitioner's nephews also meet the age requirements of section 152(c)(1)(C) and they did not provide over one-half of their own support as required by section 152(c)(1)(D). Petitioner's nephew R meets the requirement of section 152(c)(1)(B) because after his birth in September 2007 and for the remainder of 2007 he resided with petitioner at her residence.[3] Therefore, we hold that

---

[3] We do not understand respondent to be arguing that in order to meet the requirements of sec. 152(c)(1)(B) R must have resided with petitioner for more than 182 days. Rather, we understand respondent's position to be consistent with the Commissioner's instructions for the 2007 Form 1040, U.S. Individual Income Tax Return, which state that a person can be a qualifying child if that person was born during the second half of the taxable year. Page 15 of the instructions states: "If the child did not live with you for the required time, see Exception to time lived with you on page 17." Page 17 of the instructions states: "Exception to time lived with you. A person is considered to have lived with you for all of 2007 if the person was born or died in 2007 and your home was this person's home for the entire time he or she was alive."

petitioner is entitled to a dependency exemption for R.  However, petitioner has not established exactly when C moved to Toledo or when B began living at petitioner's residence and, therefore, has not proven that B had the same principal place of abode as petitioner for more than one-half of 2007.

B might also qualify as a dependent if he is a "qualifying relative" within the definition of section 152(d), which provides:

> SEC. 152(d).  Qualifying Relative.--For purposes of this section--
>
>> (1)  In general.--The term "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual--
>>
>>> (A) who bears a relationship to the taxpayer described in paragraph (2),
>>>
>>> (B) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in section 151(d)),
>>>
>>> (C) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins, and
>>>
>>> (D) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.
>>
>> (2)  Relationship.  For purposes of paragraph (1)(A), an individual bears a

relationship to the taxpayer described in
this paragraph if the individual is any of
the following with respect to the taxpayer;

\* \* \* \* \* \* \*

(E) A son or daughter of a
brother or sister of the
taxpayer.

Petitioner has not shown that B qualifies under the requirements of section 152(d)(1)(C) because petitioner has not established that she provided over one-half of B's support during 2007. Therefore petitioner is not entitled to a dependency exemption for B.

Filing Status

Under section 2(b)(1)(A) and (3), an individual may file as head of household if she is a U.S. citizen or resident, is not married at the close of her taxable year, and maintains as her home a household which constitutes for more than one-half of such taxable year the principal place of abode of a qualifying child or a qualifying relative.

We have held that R is a qualifying child. We have also found that R's principal place of abode from his birth through the end of 2007 was petitioner's home[4] and that petitioner meets

---

[4] We do not understand respondent to be arguing that in order to meet the requirements of sec. 2(b) R must have resided with petitioner for more than 182 days. Rather, we understand respondent's position to be consistent with the Commissioner's instructions for the 2007 Form 1040, which state that a taxpayer can qualify for head of household filing status if: "You paid

(continued...)

all of the other qualifications.  Consequently, petitioner is entitled to head of household filing status for taxable year 2007.

Child Tax Credit and Additional Child Tax Credit

Section 24(a) provides a credit (subject to certain income limitations) against income tax for each qualifying child of a taxpayer.  The term "qualifying child" means a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17.  Sec. 24(c)(1).

It is clear from our prior findings that B was not a qualifying child and that R was a qualifying child under section 152(c) for purposes of section 24.  Consequently, petitioner is entitled to the child tax credit and the additional child tax credit for R for taxable year 2007.

Earned Income Tax Credit

Petitioner claimed an earned income tax credit on the basis that both her nephews were qualifying children for taxable year 2007.  Respondent disallowed the credit because he determined that neither B nor R was a qualifying child.  Section 32(a)

---

[4](...continued)
over half the cost of keeping up a home in which you lived and in which * * * [a qualifying child] also lived for more than half of the year (if half or less, see Exception to time lived with you on this page)."  The exception states:  "Exception to time lived with you.  * * *  If the person for whom you kept up a home was born or died in 2007, you can still file as head of household as long as the home was that person's main home for the part of the year he or she was alive."

provides for an earned income tax credit in the case of an eligible individual. For a taxpayer to be eligible for the earned income tax credit on the basis of having a qualifying child, specific requirements listed in section 32(c) must be met with respect to each qualifying child.

Section 32(c)(1), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(I). Pursuant to section 32(c)(3)(A), a qualifying child must meet the requirements of section 152(c).

On the basis of our prior findings, we hold that B was not a qualifying child and that R was a qualifying child for purposes of section 152(c). Consequently, petitioner is entitled to the earned income tax credit based on one qualifying child for taxable year 2007.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.